UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In Re:  John Forrest and Kathryn Forrest          Case No.  09-12690
                                                                Chapter   13

## MEMORANDUM IN SUPPORT OF MOTION
## FOR RELIEF FROM THE AUTOMATIC STAY

Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-2 Asset-Backed Certificates, Series 2007-2, holder of the mortgage hereinafter described (together with its predecessors, successors, affiliates, principals, and assigns, "Lender"), in support of its Motion for Relief from the Automatic Stay submits the within Memorandum.

### I.   FACTUAL BACKGROUND

1.  On or about July 11, 2009,  John Forrest and Kathryn Forrest, ("Debtors") commenced the within action under Chapter 13 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Rhode Island.

2.  Prior to the commencement of this proceeding, on or about November 3, 2006, Option One Mortgage Corporation extended a loan to Debtors in the original principal amount of $512,000.00 (the "Loan").

3.  The loan is evidenced by a promissory note executed by Debtors ("the note"), together with any and all documents executed in connection with the Loan, (the "Loan Documents").

4.  The note is secured by a mortgage (the "Mortgage") executed by Debtors on real property located at 106 High Street, Bristol, RI  02809 (the "Property).

5.  Lender is the current holder in due course of the loan documents.

6.  There is no other collateral securing the loan documents.

7.  The Property is a single family residential dwelling.

8.  Debtors reside in the Property.

9.  As of November 10, 2009, there is $585,931.65 due and owing to Lender pursuant to the Loan Documents, plus any additional interest and miscellaneous charges, attorney's fees, costs and expenses.

10.  The total amount of encumbrances on the Property is $585,931.65.

11.  According to Debtors' Schedules, the approximate value of the Property is $400,000.00.

12.  At the time of the bankruptcy filing, there was pre-petition arrearage owing to Lender and Debtors were in active foreclosure.

13.  As of November 19, 2009, there is a post-petition payment arrearage due and owing to Lender under the Loan Documents for the September 2009 through and inclusive of November 2009 payments of $15,825.93 and late charges of $798.81, for a total post-petition arrearage of $16,624.74, exclusive of attorney's fees, costs, and expenses incurred in connection with the bankruptcy proceeding.

14.  The regular monthly payment due to Lender at this time is $5,275.31.

15.  The next scheduled payment is due to Lender on December 1, 2009.

16.  There are no defenses, claims or set-offs available to Debtors that would operate to reduce the indebtedness or any obligation to make payment thereof.

## II. DISCUSSION

Lender requests relief from the automatic stay to permit it to exercise its various non-bankruptcy rights and remedies including, without limitation, taking possession of the Property, obtaining a deed-in-lieu of foreclosure and/or foreclosing the mortgage, seeking to obtain, if necessary, eviction of Debtors and any occupant from the Property, and any other relief this Court deems just and proper.  Lender submits that it is entitled to said relief pursuant to 11 U.S.C. §362(d)(1).

Pursuant to 11 U.S.C. §362(d)(1), the Court shall grant relief from the automatic stay for cause. Lender respectfully submits that the cause warranting relief from the Automatic stay is Debtors' failure to make payments to Lender resulting in a post-petition arrearage under the Loan Documents.

**WHEREFORE**, Lender prays that the automatic stay existing pursuant to 11 U.S.C. 362(d) be modified to permit Lender and its successors and/or assigns to exercise its rights pursuant to the Note and the Mortgage, including the power of sale with respect to the Property; that, if the requested relief from stay is unopposed, it be granted a waiver of the ten day stay imposed by Fed. R. Bankr. P. 4001 (a)(3); and that Lender and its successors and/or assigns have such other and further relief as is just, including the right to evict Debtors from the Property should Lender be the successful bidder at foreclosure.

        Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2007-2 Asset-Backed Certificates, Series 2007-2
By its Attorneys,

/s/ Joseph M Dolben
Joseph M Dolben, Esq.
Nicholas Barrett & Associates
999 South Broadway
East Providence, RI 02914
(401) 654-6162

Dated:  November 19, 2009